

**RIKER DANZIG SCHERER HYLAND PERRETTI** LLP

ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/2/21__

**Jeffrey A. Beer Jr.**
Attorney

Direct:
t: 973.451.8429
f: 973.451.8769
jbeer@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

December 1, 2021

<u>VIA ECF</u>

Hon. Alison J. Nathan, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

  Re: <u>Harleysville Worcester Insurance Company, et al. v. Consigli & Associates LLC, et al.</u>, Civil Action No. 21-cv-934 (AJN)

Dear Judge Nathan:

  We represent Plaintiffs Harleysville Worcester Insurance Company and Harleysville Insurance Company (together, "Harleysville") in the above referenced matter. We write on behalf of all parties in accordance with the Civil Case Management Plan and Scheduling Order (Dkt. No. 71).

  All parties to this action (except for two excess insurer defendants) have agreed to participate in a global mediation. The mediation will also include relevant parties in the underlying construction defect/casualty litigation filed by 99 Wall Development, Inc. ("99 Wall") in New York state court, as well as all parties in the separate federal court action filed by 99 Wall against its builders risk insurer that is pending in this District.

  99 Wall seeks damages in the underlying case in excess of $20 million related to the construction of a twenty-six story building. The underlying litigation, as well as the

Hon. Alison J. Nathan, U.S.D.J.
December 1, 2021
Page 2

separate insurance coverage litigations, involve many complex issues. Although organizing a mediation involving this many parties and three separate litigations is difficult, the parties have agreed on a mediator, Neal Eiseman, Esq., and have participated in a pre-mediation conference to coordinate the mediation session. We are presently discussing dates for a mediation in February or March (certain parties and/or counsel are not available in January).

While pursuing mediation, the parties in this case have served initial requests for production of documents and interrogatories as contemplated by the Scheduling Order, and have exchanged or agreed to exchange initial production of documents comprising many dozens of gigabytes of data and presumably hundreds of thousands of pages of documents (exact page counts are not yet available).[1]

In light of the parties' agreement to mediate, and the voluminous initial productions being made, the parties jointly request the Court enter an order referring this case to private mediation, and staying further discovery beyond the initial productions. The parties propose to submit a written update to the Court by March 15, 2022, with the status of mediation and a proposed schedule to resume discovery if necessary.

---

[1] The parties agreed to stay formal discovery pending mediation efforts, proceed with informal production of documents and make targeted requests for any additional documents required for mediation, without waiving their rights to receive discovery responses from the other parties.

Hon. Alison J. Nathan, U.S.D.J.
December 1, 2021
Page 3

Respectfully submitted,

/s/ Jeffrey A. Beer, Jr.
Jeffrey A. Beer, Jr.

cc:     All Counsel of Record (via ECF)

5321888v1

> The Court GRANTS the parties' joint requests. The Court hereby STAYS all deadlines and discovery except for the initial disclosures listed above while the parties engage in private mediation. The conference scheduled for December 10, 2021, is adjourned sine die. The parties are ORDERED to jointly file by March 15, 2022, an update on the status of mediation and, if necessary, a proposed schedule to engage in discovery.
>
> SO ORDERED.

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
12/2/21