UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARLEYSVILLE WORCESTER INSURANCE
COMPANY et al.,

                              Plaintiffs,

-v-

CONSIGLI & ASSOCIATES, LLC et al.,

                              Defendants.

21 Civ. 934 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

       On September 16, 2022, the Court directed that, in light of an imminent settlement agreement and the potential narrowing of the parties' discovery disputes, the parties jointly file a status update to notify the Court of the status of settlement discussions, identify outstanding discovery disputes, and set out the parties' respective views as to such disputes. Dkt. 130. On October 7, 2022, a subset of the parties in this action—plaintiffs Harleysville Worcester Insurance Company and Harleysville Insurance Company (together, "Harleysville"), defendant Consigli & Associates, LLC ("Consigli"), defendant Zurich American Insurance Company ("Zurich"), defendant Starr Indemnity & Liability Company ("Starr"), and third-party defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union")—filed a joint status update. Dkt. 131. The Court has not received any indication that the other parties in this action plan to file separate status updates.

       The Court has carefully reviewed the positions set forth by the parties in the joint letter. Consigli argues that the partial settlement of certain claims does not narrow any ongoing discovery disputes and states that it intends to move to amend its pleadings to assert claims based on the partial settlement. *Id.* at 2–3. Because, in Consigli's view, any such amended claims

would require additional discovery, Consigli requests approximately 30 days from the day of this order to move to file an amended counterclaim and, after responsive pleadings to the motion are filed, 30 days for the parties to confer regarding additional discovery needs and any disputes, with a report due to the Court one week later. *Id.* Zurich joins Consigli's request and asserts that the partial settlement has resulted in the potential need for amended pleadings and additional discovery. *Id.* at 8–9. In addition, Zurich states that National Union and Harleysville have failed to fully respond to its discovery requests, and that it may move to file its own affirmative claims. *Id.* Starr concurs with Zurich. *Id.* at 9.

Harleysville opposes Consigli's request for leave to amend its counterclaim and requests permission to move for summary judgment at the same time as Consigli moves to amend its counterclaim. *Id.* at 6–8. In Harleysville's view, its summary judgment motion would establish the futility of Consigli's motion and eliminate outstanding discovery disputes, and any delay of the summary judgment motion would cause irreparable harm. *Id.* at 7. National Union joins in Harleysville's request. *Id.* at 9. As to any outstanding requests by Zurich, National Union states that it will respond to Zurich's discovery requests by October 14, 2022 and had advised Zurich that it would respond to other demands upon the finalization of the partial settlement. *Id.* at 10.

At this juncture, and without full briefing, any ruling on the viability of anticipated additional or amended claims would be premature. Furthermore, in the event that the Court granted the parties leave to file amended claims, any summary judgment motions filed concurrently to a motion to amend would likewise be premature and potentially fail to account for the full range of then-pending claims. Accordingly, the Court orders that, by November 14, 2022, Consigli, Zurich, and other parties considering additional or amended claims file either a motion for leave to file such claims, attaching the proposed amended complaint, or a letter

indicating that it will not pursue such claims. If any party moves to file an amended complaint, oppositions to the motion will be due December 5, 2022, and replies will be due December 12, 2022.

Given some of the parties' representations that ongoing settlement discussions may narrow, expand, or otherwise alter the scope of discovery sought, the Court declines to address the discovery dispute previously raised by Consigli, *see* Dkt. 125. In the unlikely event that this dispute (or any other) requires the Court's attention before it resolves the anticipated motions to amend, the parties are to file letters, in accordance with the Court's Individual Rules and Practices, notifying the Court of the dispute and setting out their respective views as to it. Likewise, if the parties seek limited extension of the discovery deadlines, the parties shall file a joint letter with a proposed schedule.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 17, 2022
New York, New York