UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARLEYSVILLE WORCESTER INSURANCE
COMPANY et al.,

                                        Plaintiffs,

                    -v-

CONSIGLI & ASSOCIATES, LLC et al.,

                                        Defendants.

---

21 Civ. 934 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

This decision resolves pending motions in this insurance coverage dispute, which are for

leave to file (1) amended pleadings and (2) motions for summary judgment.

This case arises out of an underlying breach of contract and quasi-contract action in New

York State Supreme Court in Manhattan: *99 Wall Development Inc. v. Consigli & Associates,*

*LLC, f/k/a T.G. Nickel & Associates, LLC*, index no. 656973/2017 (the "underlying action").

Dkt. 83 ("First Amended Complaint" or "FAC") ¶ 1.  Pending now are motions from

(1) plaintiffs Harleysville Worcester Insurance Company and Harleysville Insurance Company

(together, "Harleysville"), for leave to file a second amended complaint, Dkts. 135, 136

("Harleysville Mot."); (2) defendant Consigli & Associates, LLC ("Consigli"), formerly known

as T.G. Nickel & Associates, LLC, for leave to file a third amended answer with counterclaims,

crossclaims, and a third-party complaint, Dkts. 133, 134 ("Consigli Mot."); (3) defendant Zurich

American Insurance Company ("Zurich"), for leave to file an amended answer with

counterclaims, crossclaims, and a third-party complaint, Dkts. 138, 139 ("Zurich Mot."); and (4)

Harleysville, Dkt. 142, and third-party defendant National Union Fire Insurance Company of

Pittsburgh, Pa. ("National Union"), Dkt. 146, for leave to file a motion for summary judgment.

For the following reasons, the Court grants Harleysville and Consigli's motions for leave to file an amended complaint and answer, respectively; denies in part and grants in part Zurich's motion; and denies without prejudice Harleysville and National Union's requests for leave to move for summary judgment.

I.      **Background**

A.      **Factual Background**[1]

On November 16, 2017, defendant 99 Wall Development Inc. ("99 Wall") filed the underlying state court action against Consigli, bringing claims of breach of contract and unjust enrichment. FAC ¶ 15. 99 Wall there alleged that it had hired Consigli as the general contractor for a property development project at 99 Wall Street, New York, New York. *Id.* ¶ 16. Consigli hired certain subcontractors, including defendants Domestic Plumbing Corp. ("Domestic") and Hig Services Inc. ("Hig"), who are also defendants in the underlying action. *Id.* ¶¶ 16, 19. Under 99 Wall and Consigli's contract, 99 Wall was to obtain liability insurance of at least $26 million for Consigli for any liability arising out of the development. *Id.* ¶ 17. In the underlying action, 99 Wall seeks relief for damages incurred due to Consigli, Domestic, and Hig's "faulty work" and the "failure to properly perform work" in the property development project. *Id.* ¶ 20. These include damages from the "failure to timely erect a construction hoist" and "certain flood events" that occurred during construction on July 29 and October 7, 2016. *Id.* In its First Amended Third-Party Complaint ("FATC") in this case, 99 Wall alleges that the damages in the underlying action exceed $15 million. Dkt. 77 ("99 Wall FATC") ¶ 26.

---

[1] The Court's account of the underlying facts of this case is drawn from Harleysville's First Amended Complaint, Dkt. 83 ("FAC"), and, wherever noted, defendant 99 Wall's First Amended Third-Party Complaint, Dkt. 77 ("99 Wall FATC"). The facts recited are limited to those necessary to decide the pending motions.

99 Wall had a primary policy from defendant Catlin Insurance Company, Inc. ("Catlin"), effective on July 29, 2016 and on October 7, 2016. FAC ¶ 24. 99 Wall had an excess liability policy from defendant Starr Indemnity & Liability Company ("Starr"), effective on July 29, 2016 and on October 7, 2016. *Id.* ¶ 25. Both policies name Consigli as an insured. *Id.* ¶¶ 24–25.

Consigli had primary and excess liability insurance policies from Zurich, effective on July 29 and October 7, 2016, respectively. *Id.* ¶ 23.

Domestic had primary and excess liability insurance policies from Harleysville, effective on October 7, 2016. *Id.* ¶ 21. Hig had a primary policy from Harleysville, effective on July 29, 2016. *Id.* ¶ 22. 99 Wall alleges that Hig also had excess liability insurance from third-party defendant National Union, effective April 4, 2016. 99 Wall FATC ¶ 19. 99 Wall alleges that per the terms of its contract with Consigli, subcontractors Domestic and Hig were required to purchase insurance that listed 99 Wall and Consigli as additional insureds. *Id.* ¶ 7.

Harleysville is now defending Consigli, Domestic, and Hig in the underlying action under a partial denial and complete reservation of rights. FAC ¶ 26. On January 13 and June 11, 2021, Harleysville requested that Zurich and Catlin, respectively, defend and indemnify Consigli in the underlying action. *Id.* ¶¶ 27–28. Neither Zurich, Catlin, nor Starr has agreed to do so. *Id.* ¶ 29.

### B.    Procedural History

On February 3, 2021, Harleysville filed a complaint in this action against Consigli, Domestic, Hig, Zurich, and 99 Wall. Dkt. 1. On March 5, 2021, Hig answered. Dkt. 20. On April 2, 2021, Consigli filed its answer and counterclaims against Harleysville. Dkt. 32. On April 12, 2021, 99 Wall filed its answer, along with (1) a crossclaim against Zurich; (2) a counterclaim against Harleysville; and (3) a third-party complaint against National Union. Dkt. 39. On April 23, 2021, Harleysville answered Consigli's counterclaims. Dkt. 44. On April 28,

2021, Zurich answered the complaint, Dkt. 45, and the crossclaim by 99 Wall, Dkt. 46. On May

3, 2021, Harleysville answered 99 Wall's counterclaims. Dkt. 47.

On July 20, 2021, National Union moved to dismiss 99 Wall's third-party complaint.

Dkt. 68. On July 21, 2021, Judge Nathan, to whom this case was originally assigned, directed 99

Wall to either amend its complaint or otherwise respond to the motion. Dkt. 69. On July 23,

2021, after holding an initial conference, the Court issued a case management plan that provided

for the completion of discovery on February 3, 2022. Dkt. 71. On August 10, 2021, 99 Wall

filed the First Amended Third-Party Complaint ("FATC"), against National Union, seeking a

declaration that National Union is obligated to provide primary and non-contributory coverage to

Consigli and has no right to subrogate such obligations. Dkt. 77 ("99 Wall FATC"). The FATC

incorporated by reference 99 Wall's (1) crossclaim against Zurich, seeking a declaration that

Zurich should cover the claims against Consigli in the underlying action; and (2) counterclaim

against Harleysville, seeking a declaration that Harleysville is obligated to provide primary and

non-contributory coverage to Consigli and has no right to subrogate such obligations. *See id.*;

Dkt. 39.

On August 17, 2021, Consigli moved to amend its answer to add a crossclaim and third-

party claim. Dkts. 80–82. On August 20, 2021, Harleysville filed the First Amended Complaint

("FAC") against Consigli, Domestic, Hig, Zurich, 99 Wall, Catlin, and Starr. Dkt. 83 ("FAC").

The FAC seeks, *inter alia*, (1) a declaration that Harleysville has no obligation to defend or

indemnify Consigli, Domestic, or Hig in the underlying action; (2) a declaration that, to the

extent Harleysville has an obligation to defend or indemnify Consigli in the underlying action,

Zurich, Catlin, and/or Starr also have such an obligation; (3) reimbursement from Zurich and

Catlin for costs expended on Consigli's behalf; and (4) reimbursement from 99 Wall for the costs

of defending Consigli, stemming from 99 Wall's alleged breach of contract in failing to fulfill its contractual obligation to obtain general liability insurance for Consigli. *Id.* ¶¶ 30–105.

On August 23, 2021, National Union answered 99 Wall's FATC. Dkt. 85. On August 24, 2021, Hig answered the FAC. Dkt. 91. On August 30, 2021, Consigli answered the FAC and filed counterclaims against Harleysville, Dkt. 94, and 99 Wall answered the FAC, Dkt. 95. On September 10, 2021, Zurich answered the FAC. Dkt. 97. On September 13, 2021, Harleysville answered Consigli's counterclaims. Dkt. 99. On September 27, 2021, Starr answered the FAC. Dkt. 100.

On October 4, 2021, Judge Nathan granted Consigli's motion to amend its answer to add a crossclaim against Zurich and third-party claim against National Union, noting that no party had opposed the motion. Dkt. 101. On October 7, 2021, Consigli answered the FAC and filed (1) counterclaims against Harleysville, seeking a declaration that Harleysville has a duty to defend, indemnify, and reimburse Consigli in the underlying action under insurance policies issued by Harleysville to Hig and Domestic, alleging breach of contract, and seeking relief under a promissory estoppel theory; (2) crossclaims against Zurich, seeking a declaration that, if neither Harleysville nor National Union is found to be obligated to defend Consigli in the underlying action, Zurich has a duty to defend and indemnify Consigli; and (3) a third-party complaint against National Union, seeking a declaration that National Union has a duty to indemnify Consigli in the underlying action in excess of the limits of the policy issued by Harleysville to Hig. Dkt. 104.

On October 21, 2021, Harleysville answered Consigli's counterclaims. Dkt. 107. On October 28, 2021, Zurich answered Consigli's crossclaims, Dkt. 108, and National Union answered Consigli's third-party complaint, Dkt. 109.

On December 3, 2021, Judge Nathan, pursuant to the parties' joint request, stayed all deadlines and discovery, except for certain initial disclosures, as the parties engaged in private mediation. Dkt. 114. On April 4, 2022, after the parties reported that mediation had proven unsuccessful, the Court granted the parties' request to extend the fact discovery deadline to August 31, 2022 and file a joint letter regarding, *inter alia*, the need for expert discovery by September 1, 2022. Dkt. 122.

On April 10, 2022, the case was reassigned to this Court. On August 2, 2022, the Court granted the parties' request to extend the fact discovery deadline to October 30, 2022 and directed the parties to file, by October 31, 2022, a letter explaining whether expert discovery is needed and noting any anticipated summary judgment motions. Dkt. 124. On September 16, 2022, after Consigli raised a discovery dispute as to Harleysville's alleged failure to comply with its discovery obligations, Dkt. 125, and Harleysville sought to extend the fact discovery deadline in light of a partial settlement in the underlying action, Dkt. 127, the Court directed the parties to file a joint status update as to settlement discussions and any outstanding discovery, Dkt. 130. On October 17, 2022, after a subset of the parties filed a joint status report, Dkt. 131, the Court held that any ruling on the parties' anticipated additional or amended claims would be premature, Dkt. 132. The Court set a schedule for the parties to move for leave to file additional or amended claims. Dkt. 132.

Between November 14, 2022, and January 11, 2023, the parties filed the pending motions for leave to amend, including: (1) Harleysville's motion for leave to file a second amended complaint (the "proposed SAC"), Dkts. 135, 136 ("Harleysville Mot."); (2) Consigli's motion for leave to file a third amended answer with counterclaims, crossclaims, and a third-party complaint, Dkts. 133, 134 ("Consigli Mot.") and reply and declaration in support of that motion,

Dkts. 137, 153 ("Consigli Reply"), 154; (3) Zurich's motion for leave to file an amended answer

with counterclaims, crossclaims, and a third-party complaint, Dkts. 138, 139 ("Zurich Mot.") and

reply and declaration in support of that motion, Dkts. 140, 159 ("Zurich Reply");

(4) Harleysville's opposition to Consigli's motion, Dkt. 149 ("Harleysville Opp. to Consigli"),

and to Zurich's motion, Dkt. 151 ("Harleysville Opp. to Zurich"), and declaration in support,

Dkt. 150; and (5) National Union's opposition to Zurich's motion, Dkt. 147 ("National Union

Opp."), and declaration in support, Dkt. 148.

On November 22, 2022, Harleysville sought leave to move for summary judgment. Dkt.

142. The Court, noting that any summary judgment motion filed concurrently with the motions

for leave to amend would likely be premature and fail to account for all then-pending claims,

directed Consigli and other implicated parties to respond. Dkt. 143. On December 19, 2022,

National Union, joining in Harleysville's request, requested leave to move for summary

judgment as to Consigli's third-party claim against it. Dkt. 146. On January 9, 2023, Consigli

opposed Harleysville and National Union's requests. Dkts. 156, 157. On January 11, 2023,

Zurich opposed Harleysville and National Union's requests. Dkt. 161.

## II.     Discussion

### A.     Applicable Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), after expiration of the period in which a

party may amend its pleading as a matter of course, the party may amend its pleading "only with

the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court

should freely give leave when justice so requires." *Id.*; *see, e.g.*, *Foman v. Davis*, 371 U.S. 178,

182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so

requires'; this mandate is to be heeded."). Similarly, as to proposed counterclaims, Rule 13(e)

provides that "[t]he court may permit a party to file a supplemental pleading asserting a

7

counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). Amendments to add counterclaims are governed by the general amendment standard in Rule 15(a)(2). *See id.*, Comm. Notes on Rules–2009 Amendment. "This is a 'liberal' and 'permissive' standard," *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)), and leave to amend is generally granted in the absence of countervailing factors such as bad faith, undue delay, prejudice to the opposing party, or futility of amendment, *see id.*; *Foman*, 371 U.S. at 182. "[E]ven where such factors are present, '[t]he rule in this Circuit has been to allow a party to amend its pleading in the absence of . . . prejudice or bad faith.'" *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 2757431, at *2 (S.D.N.Y. May 12, 2016) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

"[U]nder the liberal standard of Rule 15(a), [l]eave to amend may be appropriate at any stage of litigation." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Pro. § 1488 at 652–57 (2d ed. 1990)). Delay alone is usually not a sufficient reason for denying a motion to amend. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995). Nonetheless, "a court has discretion to deny leave to amend where the motion is made 'after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery.'" *State Farm. Ins. Cos. v. Kop-Coat, Inc.*, 183 F. App'x 36, 37–38 (2d Cir. 2006) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000)). The non-moving party has the burden to show any prejudice from the proposed amendment. *See, e.g., Lamont v.*

8

*Frank Soup Bowl, Inc.*, No. 99 Civ. 12482 (JSM) (HBP), 2000 WL 1877043, at *2 (S.D.N.Y.

Dec. 27, 2000); *Herbert Constr. Co. v. Titan Indem. Co.*, No. 94 Civ. 1261 (RLC), 1996 WL

254859, at *2 (S.D.N.Y. May 15, 1996). In determining what constitutes prejudice, a court

considers whether the amendment would "(i) require the opponent to expend significant

additional resources to conduct discovery and prepare for trial; (ii) significantly delay the

resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

jurisdiction." *Block*, 988 F.2d at 350 (collecting cases).

"Leave to amend may properly be denied if the amendment would be futile, as when the

proposed new pleading fails to state a claim on which relief can be granted." *Russell v. Aid to

Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (quoting *Anderson News,

L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)); *see, e.g.*, *Martin*, 2016 WL

2757431, at *5; *Green v. Dist. Council 1707*, No. 13 Civ. 8671 (PAE), 2015 WL 4621107, at *3

(S.D.N.Y. Aug. 3, 2015) ("If a proposed amendment seeks to add a defense, which is obviously

insufficient for the purpose for which it is offered, so that the amendment will be a useless act,

the court will not grant such an amendment." (quoting *Affiliated FM Ins. Co. v. Liberty Mech.

Contractors, Inc.*, No. 12 Civ. 5160 (KPF), 2013 WL 4526246, at *7 (S.D.N.Y. Aug. 27, 2013)).

And, conversely, "[i]t is sufficient for the pleading to contain sufficient factual allegations to

'nudge[] [the petitioner's] claims across the line from conceivable to plausible.'" *Bensch v.

Estate of Umar*, 2 F.4th 70, 80 (2d Cir. 2021) (alterations in original) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)) (evaluating proposed amended complaint under plausibility

standard); *see also, e.g.*, *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

**B.    Analysis**

**1.    Motions for Leave to Amend**

The Court addresses each party's motion for leave to amend in turn.  For the following

reasons, the Court grants in full Harleysville and Consigli's motions and grants in part Zurich's.

*a.    Harleysville's Motion to File Second Amended Complaint*

The Court grants Harleysville's motion to file the proposed SAC.  Harleysville represents

that a September 13, 2022 partial settlement agreement in the underlying action (the "partial

settlement") has "substantially narrowed the issues" in this case and the underlying action by

resolving all claims between 99 Wall and Domestic, all claims between 99 Wall and Hig, and the

issue of whether Harleysville owes coverage for part of the more than $30 million in claimed

damages attributable to Domestic and Hig.  Harleysville Mot. at 1–2.  Under the partial

settlement, it states, Harleysville paid the entire $6 million in limits of the policies issued to

Domestic and $3.5 out of $4 million in limits of the policy issued to Hig.  *Id.* at 2.  Harleysville

further states that 99 Wall has limited its claims against Consigli to its own percentage of fault.

*Id.*  Accordingly, Harleysville proposes to amend the FAC to (1) add further bases for its claims

that it does not have an obligation to provide coverage to Domestic and Consigli; (2) add a

reimbursement claim against Domestic based on a policy provision that allegedly obligates

Domestic to reimburse Harleysville for defense costs incurred after the exhaustion of its policy;

and (3) add a reimbursement claim against Consigli based on its claim that Harleysville never

owed a defense to Consigli.  *Id.* at 2–3; *see also id.*, Ex. A.  The proposed SAC also removes the

breach of contract claim against 99 Wall.  *See id.*, Ex. A.

No party has opposed the motion, and the Court discerns no reason to deny leave to

amend.  Harleysville's motion is not unduly delayed, as its proposed amendments stem from

events taking place after the filing of the FAC, and it timely notified the Court of the partial

10

settlement. *Contra State Farm. Ins. Cos.*, 183 F. App'x at 38–39 (affirming denial of leave to amend where party moved to amend four years after action filed, had notice of preemption defense that could justify amended claim, and failed to take various opportunities to amend). And there is no indication that Harleysville made its motion in bad faith, or that granting the motion would prejudice other parties, given that the proposed claims closely relate to the claims in the currently operative complaint. *Cf., e.g., Martin*, 2016 WL 2757431, at *4 ("[C]ourts have approved amendments to the pleadings based on facts that later came to light."); *id.* (holding that proposed amendment would not prejudice defendant where "any additional discovery costs . . . would be relatively marginal"). Finally, there has been no showing that adding the proposed claims would be futile. Accordingly, the Court grants Harleysville's motion to file the proposed SAC.

> ### b.    *Consigli's Motion to File Third Amended Answer*

The Court grants Consigli's motion to file a third amended answer pursuant to Rules 15(a)(2) and 13(e). Consigli moves to add, as counts X, XI, and XII of its counterclaims against Harleysville, three counterclaims: two for breach of the implied covenant of good faith and fair dealing as to Harleysville's policies for Hig and Domestic, respectively (the "covenant claims"), and one for deceptive business practices in violation of New York General Business Law § 349 (the "GBL claim"). Consigli Mot., Ex. A ¶¶ 119–46. Consigli seeks to assert these claims based on "improper and unfair conduct by Harleysville" in connection with the partial settlement. *Id.* at 1. As to the covenant claims, Consigli alleges that the partial settlement "unfairly favors Harleysville's named insureds" over Consigli "for the purpose of manufacturing alleged grounds for terminating Harleysville's duty to defend Consigli in the [u]nderlying [a]ction." *Id.* at 3; *see also id.* at 5–6. As to the GBL claim, Consigli alleges that Harleysville improperly failed to inform Consigli of its right to select its defense counsel under Harleysville's offer of a defense

11

under a reservation of rights, which harmed Consigli by impairing its appointed counsel's ability to "effectively protect Consigli's rights" in the underlying action. *Id.* at 3–4; *see also id.* at 6. Consigli asserts that, while the alleged misrepresentations as to its ability to appoint counsel took place in 2020, the harm to Consigli was "not apparent" until the partial settlement. *Id.* at 4.

Harleysville opposes Consigli's motion, principally contending that the proposed counterclaims are futile. Harleysville Opp. to Consigli. First, Harleysville reprises its claim that, as a matter of law, Consigli is not entitled to coverage under Harleysville's policies in the first place. *Id.* at 2, 9–13. Second, as to the covenant claims, Harleysville argues that, *inter alia*, New York law does not recognize such a cause of action based on the funding of a settlement; the claims would be duplicative of the contract and declaratory judgment claims already asserted; and Consigli could not plausibly assert bad faith based on the settlement, given that Harleysville paid $9.5 million on its behalf and limited its exposure to damages. *Id.* at 2–3, 13–23. Third, as to the GBL claim, Harleysville asserts that the claim fails as a matter of law and runs contrary to Consigli's admissions and allegations, including that Consigli was aware of its right to independent counsel and had three lawyers involved in the dispute. *Id.* at 3, 23–25.

Consigli disagrees, asserting that New York law does recognize its proposed covenant claims and that those claims require fact discovery as to whether Harleysville disregarded Consigli's interests in favor of Domestic and Hig so as to impair Consigli's defense. *See* Consigli Reply at 3–6. Consigli asserts that it has stated a GBL claim, given that Harleysville imposed a "take it or leave it ultimatum" by stating that it would not pay the costs of Consigli's chosen defense counsel, and because the resulting conflict of interest materially affected the appointed counsel's ability to effectively advocate for Consigli. *See id.* at 5–7. And as to

Harleysville's argument that it was not obligated to cover Consigli, Consigli argues that an insurer must defend an insured in good faith even under a reservation of rights. *See id.* at 8–10.

The Court concludes that, under the "permissive," *Sacerdote*, 9 F.4th at 115 (citation omitted), standard for motions to file amended pleadings, Consigli has supplied an adequate basis on which to grant leave to amend its answer. At the threshold, the Court assumes, *arguendo*, that Harleysville owes some coverage obligation to Consigli, as the question of Harleysville's coverage obligations to Consigli is not properly before the Court on this motion. Notably, Harleysville did not move to dismiss Consigli's counterclaims on such grounds when it had the opportunity to do so, and the issue therefore has not been fully briefed or resolved.

First, as to Consigli's covenant claims, the Court finds that the proposed counterclaims contain sufficient allegations to make them non-futile. A duty of good faith and fair dealing is implied in every contract, to the effect that neither party "shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2006) (citation omitted). "The implied covenant does not include any term inconsistent with the terms of the contractual relationship, or create duties which are not fairly inferable from the express terms of that contract." *Quintanilla v. WW Int'l Inc.*, 541 F. Supp. 3d 331, 351 (S.D.N.Y. 2021) (citation omitted). Nor can it "be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights." *Nasdaq, Inc. v. Exch. Traded Managers Grp., LLC*, 431 F. Supp. 3d 176, 252 (S.D.N.Y. 2019) (citation omitted). Where a claim for breach of the implied covenant is duplicative of a claim for breach of contract, the former must be dismissed. "[C]laims are duplicative when both 'arise from the same facts and seek the identical damages for each alleged breach.'" *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861,

869 (2d Cir. 2015) (quoting *Amcan Holdings, Inc. v. Canadian Imperial Bank of Com.*, 70

A.D.3d 423, 426 (N.Y. App. Div. 2010)); *see also, e.g.*, *JN Contemp. Art LLC v. Phillips*

*Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022).

Here, Consigli's proposed third amended answer alleges that Harleysville breached the

covenant by, *inter alia*, entering a partial settlement that impaired Consigli's interests, failing to

timely support Consigli's defense, and neglecting to inform Consigli of its right to independent

counsel. *See* Consigli Mot., Ex. A ¶¶ 119–39. Accepting as true all allegations, *see, e.g.*,

*Martin*, 2016 WL 2757431, at *5, such conduct could have had "the effect of destroying or

injuring the right of [Consigli] to receive the fruits of the contract," *Thyroff*, 460 F.3d at 407

(citation omitted), namely, adequate representation of its interests and any due coverage of its

liability. *Cf. Acad. Orthotic & Prosthetic Assocs. IPA, Inc. v. Fitango Health, Inc.*, No. 19 Civ.

10203 (JPO), 2020 WL 6135762, at *8 (S.D.N.Y. Oct. 16, 2020) (upholding covenant claim

based on defendant's "hard bargaining tactics" that "defied any expectation that the explicitly

agreed-upon method would be honored"). Because any damages from the alleged conduct are

not "intrinsically tied to the damages allegedly resulting from a breach of the contract," *Deer*

*Park Enters., LLC v. Ail Sys., Inc.*, 57 A.D.3d 711, 712 (N.Y. App. Div. 2008) (citation omitted),

Consigli's covenant claims are not impermissibly duplicative of its contract and declaratory

judgment counterclaims. To be sure, Harleysville will be at liberty, in a motion following

discovery, to attempt to establish that it did not owe coverage to Consigli, the alleged misconduct

did not take place, and/or that any such conduct fell within the ambit of any agreement between

the parties so as to render the covenant claims duplicative. But, as alleged, the covenant claims

are "sufficient to withstand a motion to dismiss under Rule 12(b)(6)," *Kassner*, 496 F.3d at 244,

and thus amendment is not futile. *Cf., e.g., Spinelli v. Nat'l Football League*, 903 F.3d 185, 205–

06 (2d Cir. 2018) (reversing dismissal of covenant claim where plaintiffs plausibly alleged that defendant's conduct deprived them of "fruits" of their agreements, in part because parties disputed "meaning of the contract's express terms").

Likewise, the Court grants leave to Consigli to file the GBL claim against Harleysville. N.Y. Gen. Bus. Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state," and grants "any person who has been injured by reason of any violation of this section" the right to bring an action thereunder. N.Y. Gen. Bus. Law § 349. "To state a claim for a § 349 violation, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (quoting *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621 (2009)). "The 'consumer-oriented' requirement may be satisfied by showing that the conduct at issue potentially affects similarly situated consumers." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (citation omitted). "Typically, private contract disputes cannot form the basis of a § 349 claim," as a plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 143 (2d Cir. 2014) (citation omitted). "Further, '[a]n insurance company's actions in settling a claim are not inherently consumer-oriented." *Wilson*, 625 F.3d at 65 (quoting *Greenspan v. Allstate Ins. Co.*, 937 F. Supp. 288, 294 (S.D.N.Y. 1996).

Consigli's GBL claim states that Harleysville committed deceptive business practices by failing to inform Consigli of its right to defense counsel of its choice and by falsely describing the implications of rejecting of Harleysville's offer to defend Consigli by Harleysville's chosen

counsel. Consigli Mot., Ex. A ¶¶ 140–43. The Court is skeptical that any deceptive practice by Harleysville will be shown to "rais[e] public, consumer-oriented concerns," *Euchner-USA*, 754 F.3d at 143 (affirming dismissal of § 349 claim arising from private contract dispute), so as to warrant relief under § 349. However, on the limited review that is proper on the pleadings, Harleysville has not shown that the GBL claim fails as a matter of law. *Contra Russell*, 753 F. App'x at 15 (affirming denial of leave to amend where proposed claims would have failed based on, *inter alia*, lack of standing, untimeliness, and failure to allege plausibly the elements of the claim); *Goldstein v. Robert Half Int'l, Inc.*, 336 F. App'x 25, 27 (2d Cir. 2009) (affirming denial of leave to amend where plaintiff "failed to demonstrate how the opportunity to amend would have permitted him to plead a prima facie claim"). And the proposed third amended answer claims, albeit conclusorily, that Harleysville's allegedly deceptive conduct "affected other consumers of liability insurance," Consigli Mot., Ex. A ¶ 144, and "caused harm to Consigli," *id.* ¶ 146. Accordingly, while cautioning Consigli that it ultimately "must establish facts showing injury or potential injury to the public," *Wilson*, 625 F.3d at 65, the Court finds that the proposed third amended answer plausibly states a claim under § 349, such that amendment would not be futile. *Cf. Nick's Garage*, 875 F.3d at 125 (holding that court should have sustained claim that insurer engaged in materially misleading conduct in light of evidence that insurer, "as a matter of practice, misled consumers" as to its labor rate payments).

As there is no indication of bad faith, undue prejudice, or other countervailing factors weighing against the addition of the counterclaims at issue, the Court grants Consigli's motion.

> c. *Zurich's Motion to File Amended Answer and Third-Party Complaint*

The Court grants in part and denies in part Zurich's motion to file an amended answer and file (1) counterclaims against Harleysville, (2) a crossclaim against Consigli, and (3) a third-

party complaint against National Union.  Zurich asserts that these new claims are necessary in light of the partial settlement, under which, it states, "Harleysville impermissibly placed its own interests and the interests of its Named Insureds (HIG and Domestic) above those of its additional insured, Consigli."  Zurich Mot. at 9–10; *see also* Dkt. 140-1.

As to Harleysville, Zurich seeks leave to file counterclaims that Harleysville has a continuing obligation to defend and potentially also indemnify Consigli in the underlying action, given that, *inter alia*, the limits of one of its subcontractor policies have not been exhausted; Consigli and Zurich objected to the partial settlement; and Hig or Domestic may be found liable for part of the damages in the underlying action.  Zurich Mot. at 12; *see also* Dkt. 140-1 at 34– 35.  Harleysville opposes on two grounds.  First, it argues that the proposed counterclaims are futile as they are duplicative of Harleysville's already-filed claims.  Harleysville Opp. to Zurich at 4–5.  Second, it argues that Zurich lacks standing to pursue these claims because Zurich has not agreed to defend Consigli in the underlying action and thus cannot assert claims as Consigli's co-insurer or on Consigli's behalf.  *Id.* at 6–7.

The Court agrees that Zurich's proposed counterclaims are duplicative of Harleysville's claims.  Harleysville's operative complaint—as well as its proposed SAC, which the Court grants leave to file herein—seeks declarations that, *inter alia*, Harleysville has no obligation to defend or indemnify Consigli, and, to the extent that any of Harleysville's policies provide coverage to Consigli in the underlying action, that Zurich's policies also obligate Zurich to defend and indemnify Consigli for its own negligence and are primary to, or share with, Harleysville's policies.  Harleysville Mot., Ex. A ¶¶ 49–69, 75–83.  Zurich's proposed counterclaims similarly aim to clarify the scope of Harleysville's obligations to Consigli— specifically, that Harleysville has a "continuing, current obligation to defend Consigli, and

potentially a duty to indemnify Consigli in the [u]nderlying [a]ction on a primary and non-contributory basis." Zurich Mot., Ex. A at 34–35. Although Zurich argues that its proposed counterclaims assert an "independent controversy" arising out of the partial settlement, Zurich Reply at 4, the declarations it seeks do not exceed the bounds of that sought by Harleysville: a determination as to Harleysville's obligations to Consigli in the underlying action, including whether it has a duty to defend and/or indemnify Consigli and whether such a duty is primary to or shared with Zurich's duties. Accordingly, as the Court's decision on Harleysville's existing claims will provide the clarity sought by Zurich, the Court denies Zurich's motion to file its proposed counterclaims.

As to National Union, Zurich moves to file a third-party complaint seeking a declaration that, if it is found that the limits of Harleysville's policy to Hig are exhausted, National Union has a duty to defend and/or indemnify Consigli. Zurich Mot. at 13; Dkt. 140-1 at 55–56. National Union opposes Zurich's motion as futile. It argues that Zurich's claims are premature, because Harleysville's policy to Hig has not been exhausted and thus National Union's obligations have not yet been triggered. *See* National Union Opp. at 2, 6–8. In addition, it asserts that Zurich lacks standing to pursue declaratory judgment because Zurich denied any obligation to Consigli in the underlying action and thus lacks a legally cognizable interest in the proposed claims, which would advance only the interests of Consigli. *See id.* at 8–10. Further, National Union contends that Zurich's claims are not ripe for adjudication as they turn on contingencies, including exhaustion of the primary coverage issued by Harleysville, assumption of a coverage obligation by Zurich, and a liability determination that would render Consigli entitled to additional insured coverage from Harleysville. *See id.* at 10–13.

Zurich counters that it has a legally cognizable interest in the interpretation of the policies at issue, as Zurich itself may suffer a real and substantial injury if the policies are interpreted so as to implicate its defense and indemnification obligations to Consigli. Zurich Reply at 1, 5–7. In Zurich's view, its "general denials of allegations . . . are not the equivalent of a disclaimer of coverage" for Consigli. *Id.* at 6 n.2. Instead, it "simply seek[s] a declaration of the parties' rights and obligations as done in the normal course of insurance coverage litigation." *Id.* at 6. Zurich argues that the declaratory relief it seeks is commonly sought in insurance coverage actions. *Id.* at 7–9. In particular, Zurich contends that Zurich and National Union have a "current dispute" as to the interpretation of their respective policies "in the event Harleysville is permitted to withdraw its defense," because, in its view, National Union would owe defense obligations to Hig and Consigli notwithstanding the partial settlement. *Id.* at 1.

Zurich has the better of the argument. Although Zurich could have filed the proposed claims earlier in the litigation, it has a good-faith basis to move to amend its answer in light of the partial settlement, which, it reasonably claims, materially altered the positions of the parties. *Cf. Martin*, 2016 WL 2757431, at *4 (holding that plaintiffs did not act in bad faith by "wait[ing] until they learned more" during briefing on conditional class certification motion before moving to add defendant); *see id.* (citing cases in which courts approved amendments based on later-discovered facts). Moreover, the proposed claims do not unduly prejudice other parties, as they do not require discovery on issues that the parties would otherwise have "no reason to explore and investigate," *State Farm. Ins. Cos.*, 183 F. App'x at 38–39 (affirming denial of leave to amend based on prejudice, in part because discovery on amended claim would have posed "undue hardship" on opposing party); *see Martin*, 2016 WL 2757431, at *5 (holding that amendment would not prejudice defendant where litigation was in "early stages").

As to National Union's standing and ripeness arguments, Zurich's proposed third-party complaint would be properly before the Court for adjudication. "The Declaratory Judgment Act, by its express terms, vests a district court with discretion to exercise jurisdiction over a declaratory action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citing 28 U.S.C. § 2201(a)).  In deciding whether to entertain an action for declaratory judgment, a court must ask, *inter alia*, "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Id.* (finding coverage issue properly before district court where underlying appraisal could not occur until legal terms for valuing losses established); *see, e.g.*, *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012); *Ambac Assur. Corp. v. U.S. Bank Nat'l Ass'n*, No. 21-70-cv, 2021 WL 6060710, at *5 (2d Cir. Dec. 20, 2021).  "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 278 (2d Cir. 2008) (citation omitted).

Even though the Court may find, with the benefit of summary judgment briefing, that National Union has no obligation with respect to Consigli or that the issue is mooted by some other development in the underlying action, a declaratory judgment on the issue will "clarify[] . . . the legal issues involved" and "offer relief from uncertainty," *Duane Reade*, 411 F.3d at 389.  Zurich has made a sufficient showing that, as an insurer of Consigli that may incur costs if its obligations to Consigli are triggered, it has a legally cognizable interest in a determination of the extent to which National Union owes coverage obligations to Consigli.  Its claim for a declaratory judgment is ripe, given that the underlying action against Consigli has "triggered" the duty to defend, and the proposed third-party complaint indicates that the

"decision on the duty to defend will . . . produce a definite answer with respect to the duty to indemnify as well," *Union Mut. Fire Ins. Co. v. Tejada*, No. 21 Civ. 9166 (PAE), 2021 WL 3146032, at *3 (S.D.N.Y. July 23, 2021) (quoting *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y.), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013)). *Cf., e.g., Travelers Indem. Co. v. Crown Cork & Seal Co., Inc.*, 865 F. Supp. 1083, 1088 (S.D.N.Y. 1994) (finding "case or controversy" alleged where "plaintiffs here are confronted with actual claims against them"). "Indeed, courts in this circuit commonly find insurance coverage disputes ripe for adjudication before the insured has incurred any liability," as "it is sufficient for a district court to find some practical likelihood that there will be some type of settlement or judgment against the insurer." *U.S. Specialty Ins. Co. v. Nationwide Mut. Ins. Co.*, No. 19 Civ. 7884 (MKV), 2020 WL 2489078, at *2 (S.D.N.Y. May 14, 2020) (citation omitted) (finding that court had jurisdiction over claim by excess insurer against other insurer even where no liability yet imposed on insured, but finding that claim was premature where no lawsuit filed against insured). Therefore, under the "liberal," *Sacerdote*, 9 F.4th at 115 (citation omitted), standard for granting leave to amend, the Court declines to deem Zurich's claim futile and grants leave to file its third-party complaint against National Union.

Finally, as to Consigli, Zurich seeks leave to file a crossclaim for a declaratory judgment that Zurich has no duty to defend or indemnify Consigli in the underlying action. Zurich Mot. at 13–14; *see also* Dkt. 140-1 at 46–47. Consigli does not oppose this motion. Not finding the crossclaim unduly delayed, prejudicial, or futile on its face, the Court grants Zurich's motion to file the crossclaim.

### 2.    Anticipated Motions for Summary Judgment

Harleysville requests leave to move for summary judgment that, *inter alia*, it has no obligation to provide coverage to Consigli and no further duty to defend under the policies issued

to Domestic and Hig and the terms of the partial settlement. Dkt. 142 at 1–2. Likewise, National Union seeks leave to move for summary judgment against Consigli, and potentially Zurich, as to its coverage obligations to Consigli. Dkt. 146 at 1& n.1, 2–3. Consigli opposes their requests, arguing that any such motions would be premature, contesting Harleysville's representation of the facts, and claiming that discovery on the pending claims has not yet been completed. Dkts. 156, 157. Zurich opposes their requests as well, also arguing that the parties must conduct additional discovery. Dkt. 161.

Without ruling on the merits of Harleysville and National Union's anticipated motions, and while acknowledging their interests in immediate adjudication of their duties to defend, the Court denies without prejudice their requests to move for summary judgment. Pursuant to the decision herein to grant the aforementioned amendments to the parties' pleadings—including a motion by Harleysville itself to amend its complaint—the Court will commission summary judgment briefing only after the parties have filed and responded to the amended pleadings and conducted such limited discovery as may prove necessary with respect to the additional claims. Such will ensure that the parties have the opportunity to conduct discovery on all claims and fully represent their interests in summary judgment briefing, and that any decision on the Court's summary judgment motions fairly accounts for the parties' present positions.

## CONCLUSION

For the foregoing reasons, the Court grants Harleysville and Consigli's motions for leave to amend their respective pleadings, grants Zurich's motion for leave to amend with respect to its proposed third-party complaint against National Union and crossclaim against Consigli, and denies Zurich's motion with respect to its proposed counterclaim against Harleysville. The Court orders the parties to file their amended pleadings within one week of the date of this opinion. Responses to the amended pleadings are due within 14 days of service of the pleading.

*See* Fed. R. Civ. P. 15(a)(3). The Court recognizes that these additional claims, ongoing developments in the underlying action, and the time taken to resolve this motion may require a modest extension of the discovery period. Accordingly, the Court is amenable to approving a jointly proposed updated case management plan upon a prompt request made after counsel for all parties meet and confer. Any such request, or a letter indicating that no further discovery is required, must be made within 10 days of the date of this opinion.

The Court denies Harleysville and National Union's motions for leave to move for summary judgment without prejudice to renewal of these motions after the parties have responded to the amended pleadings and completed discovery with respect to the amended pleadings. Leave to move for summary judgment shall be requested in accordance with the Court's Individual Rules and Practices.

The Clerk of Court is respectfully directed to terminate all pending motions.[2]

---

[2] Zurich requests a pre-motion conference as to its anticipated motion to compel against Harleysville. *See* Dkts. 162 (letter from Zurich, first requesting conference), 163 (Court order, directing Zurich to provide basis of motion), 164 (letter from Zurich, providing basis for motion). The Court declines to hold such a conference at this juncture.

On June 19, 2023, Zurich represented that Harleysville had failed to address various discovery deficiencies, including the production of non-privileged portions of its claim files. *See* Dkt. 164. On June 30, 2023, after the Court granted an extension for its response, Dkt. 167, Harleysville responded, stating that it had in fact produced all the documents requested by Zurich; Zurich's interrogatories were improper and duplicative; and Zurich had not conferred with Harleysville as to any remaining issues, *see* Dkt. 168. Given the parties' conflicting representations, the Court cannot resolve the discovery dispute based on these letters. Accordingly, the Court directs that: (1) within one week of this order, Zurich and Harleysville meet and confer as to the outstanding issues, and (2) within two weeks of this order, the parties file a joint letter indicating the current status of the discovery dispute, accounting for the motions granted in this opinion.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 21, 2023
       New York, New York