

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

**Coughlin Midlige & Garland** LLP

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

Adam M. Smith, Esq.
Direct Dial: (212) 612-4995
asmith@cmg.law

Luciana P. Lalande, Esq.
Direct Dial: (973) 631-6022
llalande@cmg.law

January 30, 2024

**VIA ECF**
The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court, Southern District of New York
401 Foley Square, Room 2201
New York, New York 10007

      Re:    **Harleysville Worcester Ins. Co., et al. v. Consigli & Associates, LLC f/k/a T.G. Nickel & Associates, et al.**
            **Docket No.: 1:21-cv-00934 (PAE)**
            **CMG File No.: Z0021-02169**

Dear Judge Engelmayer:

      This letter is submitted as a joint letter on behalf of all parties whose positions are set forth herein. On December 20, 2023, Your Honor ordered the parties to complete fact discovery "on all other claims" that are not stayed by the end of January 2024 and to meet and confer to discuss how to accomplish that task. (Doc220). Despite best efforts, the parties are at an impasse and there remains a dispute as to the appropriate time frame within which to complete remaining discovery. Plaintiffs ("Harleysville"), Consigli & Associates ("Consigli"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and 99 Wall Development ("99 Wall") have agreed to an extension of fact discovery to February 16, 2024 and seek the Court's approval of the modified schedule detailed below, while Zurich American Insurance Company ("Zurich") and Starr Indemnity & Liability Company ("Starr") believe that a longer extension is needed for the parties to address all pending claims and request the Court's approval of the modified schedule they detail below and a very brief conference with the Court to resolve the parties' dispute.[1]

**Zurich's Position**

      Zurich has proposed an extension of time through April 30, 2024 to complete fact discovery "on all other claims" other than the bad faith Counterclaims (Doc220) in light of the remaining

---

[1] As the parties are aware of Your Honor's Individual Practice Rules requesting that Communications with Chambers be no longer than three pages, the parties have separately requested permission to file this single joint letter for efficiency purposes to avoid presenting the Court with multiple separate letters addressing the same issues. While the parties have tried to file this joint letter as expeditiously as possible, the parties' respective positions were only finalized today.

#3091174



**Coughlin Midlige & Garland** LLP

The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 2

document discovery and depositions to be completed. Starr concurs in this extension period. The parties objecting to such an extension refuse to recognize that the duty to indemnify Consigli for 99 Wall's claims in the underlying liability action – an action in which Zurich and its counsel have not appeared and have no involvement whatsoever – remains at issue in this insurance coverage action and has not been stayed by the Court. There is no restriction placed on discovery in this case limiting discovery solely to Harleysville's claims for reimbursement of past defense costs as Harleysville would have this Court believe. Completing fact discovery by January 31, 2024 is just not feasible and completing fact discovery by February 16, 2024 is simply impractical and would prejudice Zurich's ability to develop its defenses, primarily due to Harleysville's failure to timely respond to discovery. We explain why below.

Zurich served interrogatories and document demands on Harleysville on August 13, 2021, <u>approximately two and a half years ago</u>. It was not until this month, specifically on January 4, 2024, that Harleysville purportedly "completed" their document production and provided a privilege log for the first time. Having reviewed the production, it is evident that Harleysville has still not produced all the documents requested of it in this matter – documents that it represented to Your Honor that they would produce last year – and there are significant concerns regarding Harleysville's privilege log and the redacting / withholding of documents. Contrary to Harleysville's assertion, the documents sought by Zurich are not confined to Consigli's invoices for defense costs (which Harleysville asserts implicate Consigli's attorney-client privilege) but all documents within Harleysville's claims files and all documents supporting its damage claims in this matter – damages which are not confined solely to Consigli's defense costs reimbursement claim. Zurich's right to complete discovery should not be hamstrung by Harleysville's late completion of its document production. Zurich intends to meet and confer regarding its objections to the purported completeness of Harleysville's document production and claimed privileges as soon as practicable.

Moreover, based upon the parties' representations and discovery requests at the time of this writing, the following depositions remain to be taken: *FRCP* 30(b)(6) depositions of Harleysville,[2] Consigli, National Union and Zurich — all of which were only recently noticed. At present, the parties have completed three depositions, have suspended one *FRCP* 30(b)(6) deposition. The remainder of depositions have not been scheduled.

Lastly, the Complaint, Counterclaims, Crossclaims and Third Party Complaints address the insurers' respective indemnity obligations to Consigli for any judgment or settlement in the underlying *99 Wall* liability action. That matter still remains pending in New York Supreme Court.

---

[2] The *FRCP* 30(b)(6) deposition of Harleysville Insurance Company was begun on January 25, 2024 but was suspended in part due to the unpreparedness of the witness. Regardless of Harleysville's assertion that the suspension was not "legitimate," the fact remains that the deposition has not been concluded and this issue has not been resolved.

#3091174



The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 3

There are significant questions regarding whether the insurers' duty to indemnify can be resolved before resolution of the underlying litigation and the amounts to which Harleysville seeks to recover from defendant-insurers in this action (amounts to which no Harleysville witness or any witness has been able to testify to to date).

In light of the above, Zurich has proposed the following revised scheduling order:

- All written discovery and document productions to be completed no later than February 15, 2024;
- All depositions of fact witnesses to be completed no later than April 30, 2024; and,
- The parties will confer and jointly report to the Court by April 30, 2024 as to whether any party intends to obtain expert discovery, and if so, provide to the Court a proposed expert discovery management plan at that time.

Harleysville has been unwilling to agree to the above schedule and has maintained a position that remaining discovery can be completed by January 31, 2024. Harleysville has also "compromised," agreeing to a mere sixteen (16) additional days of discovery – this, in light of failing to produce documents itself for over two and a half years and failing to produce a corporate designee witness prepared to testify at deposition. Zurich does not believe that a February 16, 2024 fact discovery cut off is feasible or equitable. It took over two and a half years for Harleysville to "complete" its document production (in its view) – which Harleysville does not contest – so that the remaining parties could be in a position to even start taking depositions. An extra two and a half months to complete discovery will not prejudice Harleysville. Compressing Zurich's time to address the deficiencies in Harleysville's document production, the improper assertions of privilege to certain documents and complete depositions, however, will prejudice Zurich's ability to develop its defenses. Despite unfounded accusations by Harleysville and 99 Wall, there are no "dilatory tactics" being employed by Zurich and no "harassment" or "delay" efforts. Zurich intends to address each of the parties' objections to the deposition notices it has served (including the scope of those notices) in an orderly fashion after meeting and conferring with respective counsel as required by the court rules and so as to not burden the Court.

### Harleysville's Position

Zurich's letter and requested 90 day (or more) discovery extension are completely divorced from the realities of this litigation. The outstanding discovery is virtually confined to two depositions (one of which is scheduled for February 15, 2024), both of which concern discrete topics and will be short in duration. As noted above, Harleysville proposed, as a compromise, a



The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 4

modest extension of discovery that would provide an additional 16 days for discovery, but result in only a one-week delay of the prior deadline for the filing of pre-motion letters, as follows:

- Discovery to be complete by February 16, 2024
- Pre-motion letters to be filed by February 21, 2024
- Reply letters to be filed by February 27, 2024
- Status call/pre-motion conference to be adjourned to February 28, 2024 (or thereafter as scheduled by the Court)

All other parties (other than Starr, who has not responded) have agreed to this proposal.

Delaying dispositive motion practice further would cause prejudice to Harleysville, who continues to expend considerable sums defending Consigli in the underlying case. Harleysville has been requesting to make a dispositive motion for more than a year. In all events, the proposed modest extension, agreed to by most of the parties, is sufficient to complete outstanding discovery.

*First*, there is no reason that depositions cannot be completed by February 16, 2024. The only depositions that were noticed prior to December 21, 2023 have been completed, as has the 30(b)(6) deposition of Harleysville's representative that Consigli more recently noticed. Of the remaining four depositions, three are either scheduled to occur by February 16, 2024 (pending Court approval of a modest extension of discovery), or likely will not occur at all.

Thus, the only deposition that is not scheduled to occur by February 16, 2024 is that of *Zurich*, who has not provided dates for its deposition. Notably, the topic of that deposition is very limited, and thus the deposition can easily be completed in a half day or less. In any event, Zurich cannot justify a substantial extension of discovery by its own dilatory tactics.[3]

*Second*, while Harleysville does not wish to burden the Court with unnecessary history, Harleysville is constrained to correct some of Zurich's misstatements. Consigli's 30(b)(6) deposition of Harleysville's representative was not "suspended in part due to the unpreparedness of the witness" in any legitimate way. Consigli, who served the deposition notice, is not seeking to recall the witness, and Harleysville disagrees that the witness was unprepared in any fashion (indeed, the 30(b)(6) witness is also the individual with *personal knowledge* of the deposition topics).

---

[3] After failing to issue deposition notices, or indicate in any way that it required depositions, and after representing that the only outstanding discovery from its perspective was document discovery, Zurich issued five 30(b)(6) deposition notices at 10PM on January 22, 2024, three days *after* the other parties had all agreed to seek an extension of discovery to February 16, 2024. It appears that Zurich is abandoning its belated, unnecessary, and extremely overbroad notices, but suffice it to say that Harleysville vehemently objects to the notices, and to re-taking depositions.

#3091174



Furthermore, Zurich's complaints of the timing of Harleysville's recent supplemental production rings hollow. Prior to the Court's December 20, 2023 decision staying certain claims, complications arose because the documents sought implicated Consigli's attorney-client privilege, among other privileges, leading Consigli to make the motion to stay. Those complications being removed by the Court's December decision, Harleysville produced the remaining documents and a privilege log only 15 days later, shortly after the holidays.

More importantly, because Zurich has not identified any issues with Harleysville's production and privilege log, Harleysville cannot meaningfully respond, but notes that the documents and claims notes it withheld all relate to Harleysville's handling of *active litigations*, and therefore are clearly privileged. In any event, Zurich's request for a lengthy extension is supported only by conclusory and unsubstantiated complaints with Harleysville's production, and should be denied.

*Third*, Harleysville disagrees that resolution of this matter must await resolution of the underlying matter. The duty to defend is a primary issue in this case, and if there is no duty to defend, there is no duty to indemnify. See EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co., 905 F.2d 8 (2d Cir. 1990) (finding that "it is unnecessary to engage in a separate analysis of [an insurer]s' independent claim that it has no duty to indemnify" if is determined that there is no duty to defend). Further, the Court can enter a declaration concerning the scope of insurance coverage which can then be applied to any judgment to be entered in the underlying case.

*Fourth* and finally, Harleysville opposes Zurich's request to kick the proverbial can down the road with regard to expert discovery. No party has indicated any intent to obtain expert discovery in this case, and no expert discovery would be admissible, much less relevant to this *legal* dispute. For these reasons, Harleysville respectfully requests that the Court deny Zurich's request for a lengthy extension of discovery and enter the more modest extension sought by Harleysville and the other parties.

### Consigli's Position

Consigli agrees with Zurich's position in one respect: the insurers' duty to indemnify cannot be determined until the underlying New York Supreme Court lawsuit is resolved. Indeed, this was one of the reasons for Consigli's request, which Zurich opposed, that all discovery in this action be stayed until that time.

However, Consigli disagrees with Zurich's description of the parties' efforts to comply with the Court's order to complete non-bad faith discovery by January 31, 2024, which omits



The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 6

several key facts. During the meet and confer call on December 21, 2023, the parties each outlined the discovery they expected to pursue in light of the Court's order. Zurich stated that it required production of all of Harleysville's non-privileged claims files, and did not mention any discovery it intended to pursue from Consigli. Harleysville produced additional documents and a privilege log on January 4, 2024. Zurich claims to have issues with the production and privilege log that, it contends, require a substantial extension of the discovery period. However, to Consigli's knowledge, Zurich has not contested any specific claim of privilege by Harleysville in the twenty-five days since January 4, 2024.

On January 7, 2024, counsel for Consigli emailed counsel for Zurich asking for confirmation of his understanding, based on the December 21, 2023 meet and confer call, that Zurich was not seeking any further discovery from Consigli. Zurich did not respond to this email at that time. However, two weeks later, with only nine days left until the Court's January 31, 2024 deadline for non-bad faith discovery, Zurich served untimely and extraordinarily over-broad Rule 30(b)(6) notices on Consigli, National Union, 99 Wall and Harleysville, all for dates in late February. By way of example, the notice to Consigli includes as topics "Consigli's understanding" of the entirety of its construction management contract with 99 Wall, its subcontracts with HIG and Domestic, and seven different insurance policies, documents totaling many hundreds of pages. Consigli objects to the timing and scope of Zurich's Rule 30(b)(6) notices, and in particular to its notice to Consigli.

Zurich also has failed, despite repeated requests from Consigli, to offer any dates for Zurich's Rule 30(b)(6) deposition, noticed by Consigli on January 5, 2024.

Consigli requests that the Court endorse the brief extension of the discovery deadline to February 16, 2024, to which Consigli, Harleysville, National Union and 99 Wall have agreed. This should permit the parties to complete Harleysville's Rule 30(b)(6) deposition of Consigli, for which Consigli has agreed to produce a witness on February 15, 2024, and Consigli's Rule 30(b)(6) deposition of Zurich, and to resolve any remaining issues with respect to Consigli's Rule 30(b)(6) notices to Harleysville and National Union. In the event that any timely raised discovery issues remain as of February 16, 2024, the parties can seek a further extension at that time. At present, there is no basis to conclude that a further extension is warranted.

**National Union's Position**

National Union disagrees with Zurich's position and believes the parties can complete discovery with a brief extension to February 16, 2024 as proposed by Harleysville. While Consigli served a 30(b)(6) deposition notice on National Union, it agreed to hold the notice in abeyance as all topics outlined therein will likely be resolved by Harleysville's and 99 Wall's testimony.

#3091174


The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 7

Further, to the extent necessary, National Union will work with Consigli to provide a declaration that renders a deposition moot. National Union reserves its right to object to the notice and seek necessary relief from the Court should it not reach an agreement with Consigli.

Moreover, with respect to Zurich's belated 30(b)(6) notice on National Union, National Union rejects the notice as untimely and wholly improper. First, the notice was served at 10 p.m. on January 22, 2024, after Consigli, Harleysville, National Union, and 99 Wall agreed to request the aforementioned extension to February 16, 2024. Further, Zurich's 30(b)(6) notice is invalid on multiple grounds: i) it is noticed for February 29, 2024, which is beyond the discovery end date set by this Court; ii) the topics set forth are overly broad, improper, and duplicative of information National Union has already provided in discovery, as well as more properly obtained from other parties and/or in Zurich's possession; and iii) Zurich is otherwise seeking information irrelevant to the active claims in this action. To the extent National Union and Zurich cannot come to an agreement regarding the 30(b)(6) notice, National Union reserves the right to make a motion to quash the notice.

### 99 Wall's Position

99 Wall agrees with Harleysville's proposal for a modest extension of discovery. While 99 Wall does not require additional time to complete discovery, it does not object to a minimal extension to the extent the other parties require the same.

99 Wall disagrees with Zurich's position that a lengthy extension of discovery is necessary and will not prejudice the other parties. Zurich has attempted to justify its request by serving last minute, untimely 30(b)(6) notices on the parties, including 99 Wall.

99 Wall additionally takes issue with the scope of the 30(b)(6) notices served by Zurich; specifically, the one directed to 99 Wall, is overly broad and not compliant with FRCP 30(b)(6). "[W]here it is not possible to identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." End-Hatcher v. Sprint Nextel Corp., 2008 WL 4104015 *4 (S.D.N.Y. 2008). Zurich's 30(b)(6) notice essentially designates all aspects of this action and the Underlying Action for questioning.

Despite having ample opportunity to notice a 30(b)(6) deposition of 99 Wall and being fully aware of the court ordered discovery deadline of January 31, 2024, Zurich waited until January 22, 2024 – 9 days before the currently ordered discovery deadline – to issue any 30(b)(6) deposition notices. Further, 99 Wall's deposition was noticed for February 27, 2024 – 27 days after the scheduled discovery deadline. Not only do the depositions fall outside of the court ordered
#3091174



The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 8

discovery deadline, they also fall outside of the modest discovery extension agreed upon by all the parties, with the exception of Zurich.

Under the Federal Rules of Civil Procedure, depositions are governed by the scheduling order. Sanofi–Synthelabo v. Apotex Inc., No. 02–CV–2255, 2005 WL 469594, at *1 (S.D.N.Y. Feb. 18, 2005) (adhered to on rehearing 2005 WL 816267, at *1–2 (Mar. 25, 2005)). Through various extensions through the course of this litigation and ultimately the current Order of this Court, fact discovery is to close on January 31, 2024. Scheduling depositions beyond the discovery deadline is not an oversight, especially as Zurich's attention was called to the issues soon after notice. The discovery cutoff date governs the period in which a party can conduct depositions when the party has had a full and fair opportunity to take the depositions during discovery but counsel chose not to conduct them during the timeframe. Donk v. Miller, No. 99–CV–3775, 2000 WL 218400, at *4–5 (S.D.N.Y. Feb. 24, 2000). Not only do the depositions fall outside of the court ordered discovery deadline, but they also fall outside of the modest discovery extension agreed upon by all the parties, with the exception of Zurich.

As such, 99 Wall objects to Zurich's 30(b)(6) notice as it is untimely, as well as overly broad, not described with reasonable particularity, unduly burdensome, duplicative, and seeking information readily available to Zurich, who has participated in the Underlying Action, and from Zurich's Named Insured, Consigli.

Further, the issues noticed are irrelevant to Zurich's claims and defenses and can be meant only to harass 99 Wall and delay this action. "Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 – deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative and described with reasonable particularity." Bigsby et. al. v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019). The topics in Zurich's 30(b)(6) notice are duplicative of information previously exchanged by the parties, and information that can be obtained from other parties, including Zurich's Named Insured. Instead of obtaining this information from its Named Insured, Zurich is instead choosing to request duplicative information from all of the parties in an effort to make finishing discovery within the ordered time frame unduly burdensome and unnecessarily delay this action.

The Court initially ordered the parties to meet and confer on December 21, 2023. At that time, the parties discussed the status of discovery, outstanding discovery issues, and depositions. All parties were aware at the time that the discovery deadline was set for January 31, 2024. Despite this knowledge, Zurich waited until January 22, 2024 to serve its first deposition notices. On Wednesday, January 24, 2024, all parties to this action conferred via telephone where 99 Wall joined in the other parties' objections to Zurich's untimely and noncompliant deposition notices.



The Honorable Paul A. Engelmayer, U.S.D.J.
January 30, 2024
Page 9

Zurich maintained that a lengthy extension of discovery was necessary, and that given the extension – which has not yet been agreed upon or approved – the deposition notices would be timely. It also demanded the parties submit its formal objections to the contents of the deposition notices which 99 Wall believes is fully articulated herein. As such, 99 Wall respectfully requests that this serve as its Local Rule 37.2 Discovery Dispute letter and asks that the Court set an informal conference to address same.

* * *

We appreciate the Court's consideration of this request and will make ourselves available to discuss at the Court's convenience.

Respectfully submitted,

COUGHLIN MIDLIGE & GARLAND, LLP

/s Adam M. Smith
Adam M. Smith

The Court will grant an extension of the fact discovery deadline to February 16, 2024, to accommodate already scheduled depositions. The pre-motion conference previously scheduled for February 21, 2024 at 3:00 pm is now adjourned to March 20, 2024 at 3:00 pm. Per the Court's individual rules, pre-motion letters are due two weeks after the close of fact discovery, and replies are due one week thereafter. The Court will not extend discovery deadlines any further, let alone by several months, in response to this 11th-hour request. The parties were instructed by order dated December 20, 2023 to meet and confer at that time in order to complete fact discovery by the end of January. Dkt. 220. It is now the end of January, and well past time to conclude a discovery process that has taken more than a year to complete.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 31, 2024

#3091174