UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY; AND HARLEYSVILLE INSURANCE COMPANY,<br>Plaintiffs,<br><br>v.<br><br>CONSIGLI & ASSOCIATES, LLC f/k/a T.G. NICKEL & ASSOCIATES, LLC; DOMESTIC PLUMBING CORP.; HIG SERVICES INC; ZURICH AMERICAN INSURANCE COMPANY; and 99 WALL DEVELOPMENT INC.,<br>Defendants<br><br>CONSIGLI & ASSOCIATES, LLC f/k/a T.G. NICKEL & ASSOCIATES, LLC; DOMESTIC PLUMBING CORP,<br>Plaintiff-in-Counterclaim<br><br>v.<br><br>HARLEYSVILLE WORCESTER INSURANCE COMPANY AND HARLEYSVILLE INSURANCE COMPANY<br>Defendants-in-Counterclaim | CIVIL ACTION NO.: 1:21-cv-934<br><br>**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

Plaintiffs and Defendants-in-Counterclaim Harleysville Insurance Company and Harleysville Worcester Insurance Company (together, "Harleysville") and Defendant and Plaintiff-in-Counterclaim Consigli and Associates, LLC f/k/a T.G. Nickel & Associates, LLC ("Consigli"), by and through their undersigned counsel, do hereby stipulate and agree to the following Confidentiality Stipulation and Protective Order (the "Stipulation and Order"), and jointly request that the same be approved by the Court and entered as an order in this matter (the "Action").

WHEREAS, Consigli and Harleysville expect to produce certain information and documents in response to each other's discovery requests in the Action that are not privileged or otherwise exempted from discovery as between Consigli and Harleysville;

WHEREAS, the documents and information to be produced by Consigli and Harleysville in response to discovery requests with respect to Consigli's Counterclaims in the Action include information that is privileged or constitutes work product protected from discovery by third parties, including but not limited to 99 Wall Development Inc., HIG Services Inc., Domestic Plumbing Corp. and other parties to the underlying suit, *99 Wall Development Inc.* v. *Consigli & Associates, LLC, f/k/a T.G. Nickel & Associates, LLC,* New York County Supreme Court index no. 656973/2017 (the "Underlying Suit"); and

WHEREAS, to facilitate the exchange of such information, Consigli and Harleysville desire to enter into this Stipulation and Order to protect their interests with respect to the Underlying Suit.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern the production, use and disclosure of information produced by Consigli and Harleysville in the Action:

1. This Stipulation and Order shall apply to all documents, depositions, responses to discovery requests, pleadings, exhibits, and all other material or information produced in the course of discovery in the Action by any party, witness, or non-party that is designated as "Confidential" pursuant to the terms of this Stipulation and Order, including, but not limited to, all copies, excerpts or summaries thereof (collectively "Confidential Material"). As used herein, "Producing Party" shall refer to any party or to any non-party who gives testimony or produces Confidential Material, and "Receiving Party" shall refer to any individual who

receives, is shown, or is exposed to Confidential Material pursuant to this Stipulation and Order.

2. (a) Documents and materials designated as "Confidential" shall not be disclosed by the Receiving Party to persons other than:

i. this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

ii. Consigli and Harleysville, including any employees of Consigli or Harleysville having responsibility for overseeing or participating in the Action;

iii. counsel to Consigli and Harleysville in the Action who have entered an appearance in the Action, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

iv. clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

v. a non-party who authored, received or was shown to be copied on or referred to in the Confidential Materials;

vi. a testimonial or consulting expert as provided in paragraph 8 below;

vii. any neutral engaged by Consigli and Harleysville to mediate their dispute, and their staff; however, the party disclosing the Confidential Material shall instruct the neutral not to disclose the Confidential Material to any third party; and

vii. any other person or persons to whom Consigli and Harleysville mutually agree in writing.

3. At the time of production, or within thirty days after production, the Producing Party may designate any discovery responses, documents or other information that the Producing Party reasonably and in good faith believes constitutes or reveals confidential, proprietary or sensitive information as "Confidential Material" subject to this Stipulation and Order.

4. Any documents, information or other tangible materials designated as "Confidential" shall be so designated by stamping the first page of the document or materials with the legend "Confidential."

5. Any portion of a deposition or other testimony may be designated as Confidential Material by any one of the following means:

(a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated; or

(b) sending written notice within thirty days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as Confidential Material until thirty days after the transcript of the deposition has been received by the Producing Party whose Confidential Materials are involved.

In the event that any question is asked at a deposition which a party or nonparty asserts calls for the disclosure of Confidential Material, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.

6. In the case of interrogatory answers and responses to requests for admission, any designation that the document or information contained therein is Confidential Material shall be made by means of a statement in such answers or responses specifying the specific answers or responses or parts thereof designated as Confidential Material.

7. Confidential Material may be used by the Receiving Party solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party.

8. Confidential Materials may be provided to testimonial or consulting experts retained by counsel in connection with the Action to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant: (a) is using said information

solely in connection with the Action; (b) executes a copy of the Agreement to Maintain Confidentiality, attached hereto as **Exhibit A**, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order; and (c) agrees not to disclose or use Confidential Materials for purposes other than those permitted hereunder. Counsel shall be responsible for maintaining copies of all Agreements to Maintain Confidentiality signed by persons receiving Confidential Materials. Such acknowledgments shall be available for inspection by counsel for Producing Party after the final termination of the Action.

9. (a) Nothing in this Stipulation and Order shall foreclose any Receiving Party from challenging by motion the designation by any Producing Party of any documents, information or materials as "Confidential Material," or from seeking an Order removing any such documents, information or materials from the protections afforded by this Stipulation and Order, or from seeking any modification of this Stipulation and Order. Upon any such challenge, it shall be the burden of the Producing Party to demonstrate under applicable legal standards that the information in question is sufficiently sensitive to warrant confidential treatment under the provisions of this Stipulation and Order.

(b) The inadvertent failure of a Producing Party to designate information or material as "Confidential Material" in strict accordance with the terms of this Stipulation and Order shall not preclude a later designation provided that confidential treatment can still be obtained without undue burden or expense or that the information has not previously been made public by the Receiving Party. Any party may retract a prior designation of information or a document as Confidential Material by giving written notice of such retraction to the other party to this Stipulation.

(c) All Confidential Material designated as such under this Stipulation and Order, whether or not such designation is in dispute pursuant to subparagraph 9(a) above, shall

retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

i. The Producing Party agrees in writing that the previously designated Confidential Material shall no longer require that designation; or

ii. The Court enters an order that the matter shall not be entitled to confidential treatment and said order is no longer subject to appeal.

10. This Stipulation and Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Stipulation and Order if the information or documents are lawfully in their possession independently of the Action and/or lawfully obtained through discovery in this litigation or in any other litigation in which such information was not designated as Confidential Material or otherwise subject to confidential treatment.

11. All persons seeking to file redacted documents or documents under seal with the Court shall follow Section I(D) of Judge Garnett's Individual Rules and Practices as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. Consigli and Harleysville shall use their best efforts to minimize such sealing.

12. The inadvertent disclosure of any document that is subject to a legitimate claim that the document should have been withheld from disclosure on the grounds of attorney-client privilege, work product, or some other applicable rule of privilege or disqualification shall not waive any privilege, disqualification or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the Producing Party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. Except in the event that the Receiving Party disputes the claim, any documents that the Producing Party deems to contain inadvertently disclosed

Protected Material shall be, upon written request, promptly returned to the Producing Party or destroyed, at the Producing Party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the Producing Party requests destruction, the Receiving Party shall provide written certification of compliance within seven (7) days of such written request. In the event that the Receiving Party disputes the Producing Party's claim as to the protected nature of the material or the claim that it was inadvertently disclosed, the Receiving Party shall notify the Producing Party of the dispute within seven (7) days of the Producing Party's request for return or destruction of the material under this paragraph. In the event of a dispute, a single set of copies may be sequestered and retained by and under the control of Receiving Party's attorney(s) until such time as the issue is resolved by the Court. To resolve any disputes, the parties shall confer and then the Producing Party shall serve a letter motion seeking return of the disputed material. If the Court rules in favor of the Producing Party, the Receiving Party shall comply with the Producing Party's original request to return or destroy the material within seven (7) days of the Court's Order.

13. This Stipulation and Order shall not enlarge or affect the proper scope of discovery in the Action or any other litigation, nor shall this Stipulation and Order imply that Confidential Material either is or is not properly discoverable, relevant or admissible in the Action or any other litigation. This Stipulation and Order shall not impact the use of any Protected Material at any court proceeding, including trial. The trial court shall determine what, if any, restrictions shall apply to Protected Material at any court proceeding, including court hearings and trial.

14. The entry of this Stipulation and Order shall be without prejudice to the rights of any of the parties to apply for modification or relief from this Stipulation and Order by petitioning the Court or by agreement. The entry of this Stipulation and Order shall be without

prejudice to the rights of any non-party to assert or apply for additional or different protection. Nothing in this Stipulation and Order shall prevent any party from seeking an appropriate protective order to govern the use of Confidential Material at a hearing or trial.

15. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Stipulation and Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall provide a copy of this Stipulation and Order to new counsel.

16. At the termination of the Action, to the extent practicable and consistent with the law, all persons in receipt of Confidential Material, excluding outside legal counsel to Consigli and Harleysville, shall either destroy or return same to their counsel of record or, in the case of outside experts/consultants, to the attorney by whom they were retained. Outside legal counsel for Consigli and Harleysville may retain one copy of Confidential Material for their files, and all other copies of same shall be destroyed or returned. The parties further agree to take such other measures as are necessary and appropriate to prevent the public disclosure of Confidential Material, through inadvertence or otherwise, after the conclusion of this litigation. Nothing contained herein shall prevent designated outside counsel for Consigli and Harleysville from maintaining a complete file of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other documents or electronically stored information constituting work product that were internally generated based upon or which include Confidential Material, and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Confidential Material contrary to the terms of this Order.

17. Consigli and Harleysville intend to present this Stipulation and Order to the Court with a joint letter motion for a protective order; however, this Stipulation and Order shall take effect from the date of its execution regardless of whether it is entered as an Order by the Court.

**SO STIPULATED:**

CONSIGLI & ASSOCIATES, LLC
f/k/a T.G. NICKEL & ASSOCIATES, LLC

By its attorneys,

/s/ *Harvey Nosowitz*
Harvey Nosowitz
hnosowitz@andersonkreiger.com
Tamara S. Wolfson
twolfson@andersonkreiger.com
Jonathan T. Elder
jelder@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6500

Arthur J. Semetis,
asemetis@semetislaw.com
Constantine T. Tzifas, Esq.
ctzifas@semetislaw.com
ARTHUR J. SEMETIS, P.C.
286 Madison Avenue, Suite 1801
New York, NY 10017
(212) 557-5055

HARLEYSVILLE WORCESTER INSURANCE COMPANY AND HARLEYSVILLE INSURANCE COMPANY

By: */s/ Robert D. Laurie*
Robert D. Laurie, Esq.
Mark D. Shifton, Esq. (MS8233)
Gfeller Laurie LLP
977 Farmington Ave, Suite 200
West Hartford, CT 06107
(860) 760-8400
rlaurie@gllawgroup.com
mshifton@gllawgroup.com

Jeffrey A. Beer Jr. (JB-8429)
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
jbeer@riker.com
(973) 538-0800

**SO ORDERED:** ______________________
Dated: September 9, 2026.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY; AND HARLEYSVILLE INSURANCE COMPANY,<br>Plaintiffs,<br><br>v.<br><br>CONSIGLI & ASSOCIATES, LLC f/k/a T.G. NICKEL & ASSOCIATES, LLC; DOMESTIC PLUMBING CORP.; HIG SERVICES INC; ZURICH AMERICAN INSURANCE COMPANY; and 99 WALL DEVELOPMENT INC.,<br>Defendants<br><br>CONSIGLI & ASSOCIATES, LLC f/k/a T.G. NICKEL & ASSOCIATES, LLC; DOMESTIC PLUMBING CORP,<br>Plaintiff-in-Counterclaim<br><br>v.<br><br>HARLEYSVILLE WORCESTER INSURANCE COMPANY AND HARLEYSVILLE INSURANCE COMPANY<br>Defendants-in-Counterclaim | CIVIL ACTION NO.: 1:21-cv-934 |

**EXHIBIT A TO CONFIDENTIALITY STIPULATION**
**AND PROTECTIVE ORDER**

I have read and understand the provisions of the attached Confidentiality Stipulation and Protective Order executed in connection with in the above-captioned action (the "Action") signed by counsel for the parties to this Action.

I understand that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order. I agree to be bound by and comply with the provisions of the Confidentiality Stipulation and

Protective Order and not to disclose to anyone not qualified under the Confidentiality Stipulation and Protective Order any Confidential Information, or any summaries, abstracts or indices of such material, that is disclosed to me or that I prepare. I agree to use any documents, information, material and/or testimony provided to, or prepared by, me only in conjunction with this Action and as permitted in the Confidentiality Stipulation and Protective Order.

Upon conclusion of this Action, including appeal, I will return all documents, information, material and/or testimony-including but not limited to any summaries, abstracts or indices thereof that I received or prepared relating to this Action in my possession to outside counsel for the Party for whom I was employed, retained or acted as witness. I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___________________

______________________________
Name (Signature)

______________________________
Name (Print)